**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 27 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENIA MARTINEZ-MEJIA, | No. 19-70245 |
| Petitioner, | Agency No. A209-133-348 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 15, 2020
San Francisco, California

Before: PAEZ and CLIFTON, Circuit Judges, and HARPOOL,** District Judge.

Kenia Martinez-Mejia ("Martinez"), a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an Immigration Judge's ("IJ") denial of withholding of

removal and protection under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

jurisdiction under 8 U.S.C. § 1252. We review de novo the agency's legal determinations, and we review its factual findings for substantial evidence. *Singh v. Holder*, 656 F.3d 1047, 1051 (9th Cir. 2011). We grant in part and dismiss in part the petition for review and remand to the BIA for further consideration.

**1.** Martinez challenges the agency's rejection of her proposed social group of "Salvadoran women." To determine whether a proposed social group is cognizable, the BIA asks if the group is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Rios v. Lynch*, 807 F.3d 1123, 1127–28 (9th Cir. 2015).

The IJ dismissed Martinez's proposed group of "Salvadoran women" as impermissibly "broad and amorphous." The IJ reasoned that the gender-based group was not cognizable because it "covers a significant portion of the Salvadoran population" and "is diffuse rather than discrete."

The IJ's reasoning echoes the reasoning we disapproved in *Perdomo v. Holder*, 611 F.3d 662 (9th Cir. 2010). In that case, we "rejected the notion that a persecuted group may simply represent too large a portion of a population to allow its members to qualify for asylum." *Id.* at 669 (citing *Singh v. INS*, 94 F.3d 1353, 1359 (9th Cir. 1996)). Rather, the focus of this inquiry should be directed toward whether individuals share "an innate characteristic [that] may be the basis for a

2

protected social group." *Id.* at 668. The "size and breadth of a group alone does not preclude a group from qualifying as [] a social group." *Id.* at 669.

Before the BIA, Martinez argued that the IJ's decision was inconsistent with the reasoning in *Perdomo* and was contrary to the substantial evidence showing that Salvadoran women are socially distinct within El Salvador. The BIA did not explicitly address this social group claim. While the BIA is "not free to ignore arguments raised by a petitioner," *Sagaydak v.Gonzales,* 405 7 F.3d 1035, 1040 (9th Cir. 2005), in light of the BIA's failure to address this issue, the government requests that we remand it to the BIA for further consideration.

Martinez objects to a remand and requests that we decide whether "Salvadoran women" are a cognizable social group. She points out that it has been ten years since our opinion in *Perdomo* and that during the intervening years, IJs have issued conflicting decisions on whether women may constitute a cognizable social group within a particular country. Although Martinez's concerns are well-taken, we agree with the government that a remand is warranted to give the agency "an opportunity in the first instance to make legal determinations entrusted to it by Congress." *Perdomo*, 611 F.3d at 669.

As for Martinez's other proposed social group—"Salvadoran daughters unable to leave parental relationships"—we also remand that claim to the BIA for further consideration. This proposed social group is closely related to the social

3

group of "Salvadoran women" and the BIA's resolution of that claim may impact its decision regarding whether "Salvadoran daughters unable to leave parental relationships" is a cognizable social group. A remand will also give the parties and the BIA an opportunity to address the impact of our recent opinion in *Diaz-Reynoso v. Barr*, No. 18-72833, 2020 WL 4557855 (9th Cir. Aug. 7, 2020).

**2.** Martinez next challenges the BIA's dismissal of her political opinion claim stemming from her refusal to support the Mara 18 gang. The BIA concluded that Martinez waived this claim in her post-hearing reply brief. Because this claim was raised for the first time on appeal, the BIA did not err in concluding it was waived. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019). Accordingly, we dismiss Martinez's petition for review of her anti-gang political opinion claim.

**3.** Martinez also petitions for review of the agency's denial of her CAT claim. The CAT forbids the government from removing a person to any country where it is "more likely than not" that she will be tortured by either the government or private individuals acting with the government's acquiescence. 8 C.F.R. § 1208.16(c)(2). To determine the likelihood of future torture, "the IJ must consider all relevant evidence, including but not limited to the possibility of relocation within the country of removal." *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc); *see also* 8 C.F.R. § 1208.16(c)(3). The occurrence of past

torture is ordinarily the principal factor in calculating the likelihood of future torture. *Edu v. Holder*, 624 F.3d 1137, 1145 (9th Cir. 2010). The agency cannot reject a credible applicant's belief that she will be tortured on the basis of a "bald assertion that [her] credible testimony was speculation." *Shoafera v. INS*, 228 F.3d 1070, 1075 (9th Cir. 2000).

Here, the agency failed to meet any of these standards. Regarding government acquiescence, Martinez credibly testified that she reported the Mara 18's extortion attempts and robberies to the police, but was repeatedly turned away. Instead, the police instructed her to pay off the gang. And after Martinez was initially removed to El Salvador and publicly raped by the same Mara 18 members, the police again refused to take her report of the crime. Such willful blindness of the gang's crimes could elevate what would otherwise be a case of "general ineffectiveness" into a case of acquiescence, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014), but neither the IJ nor the BIA discussed the police's inaction in their decisions.

As to the possibility of internal relocation, the agency neglected to address the record evidence that the Mara 18 members tracked down Martinez following her removal to El Salvador and brutally clubbed and raped her as punishment for her failed attempt to flee the country. Martinez submitted evidence that her assailants informed her that she could not escape them, and that "they were

5

watching" her. Instead of addressing this incident, the IJ simply remarked that Martinez's "speculative testimony regarding the ability of these individuals to find her" was not enough to meet her burden of proof. The BIA did not provide any reasoning of its own and summarily affirmed.

This too was error. The gang's ability to track Martinez and their promise to continue doing so rebuts the agency's already-insufficient conclusion that her testimony was merely "speculative." *Accord Arrey v. Barr*, 916 F.3d 1149, 1161 (9th Cir. 2019).

One critical issue not addressed by the government or the BIA is whether Martinez's past rape amounted to torture. The IJ found that it did "not rise to the level of torture," but did not elaborate on his reasons for so finding. Such conclusory reasoning fails because we have recognized that "[r]ape can constitute torture . . . [as it] is a form of aggression constituting an egregious violation of humanity." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1079 (9th Cir. 2015) (quoting *Zubeda v. Ashcroft*, 333 F.3d 463, 472 (3d Cir. 2003)).

Martinez urges us to conclude that she is entitled to CAT relief. The government requests that we remand so that the BIA can clarify its reasoning. Although Martinez appears to have presented a strong case for CAT protection, we agree to remand so that the BIA can fully consider the issue.

Petition **GRANTED IN PART, DISMISSED IN PART,** and

**REMANDED**.  Martinez shall recover her costs on appeal.